**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G & G Closed Circuit Events LLC, | No. CV-12-1728-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Alan Antar; Antars Sports Bistro LLC, | |
| Defendants. | |

The court has before it plaintiff's motion for entry of default judgment (doc. 17).

Plaintiff was granted the exclusive commercial right to distribute the *Strikeforce: "Houston": Mo Lawal v. Rafael Cavalcante* telecast on August 21, 2010 via closed-circuit television ("the Program"). Plaintiff alleges that defendant Antars Sports Bistro LLC ("the Bistro") willfully and unlawfully intercepted and exhibited the Program at the Antars Sports Bar, a food and drink establishment located in Phoenix, Arizona, in violation of 47 U.S.C. § 605 (governing unlawful interception of satellite signals).[1] Although served, the Bistro has failed to answer or otherwise respond to the complaint. The clerk entered default against the Bistro on January 9, 2013 (doc. 13). Plaintiff now seeks default judgment against the Bistro in the amount of $112,400.00, plus attorney's fees and costs.

---

[1] Plaintiff's complaint also seeks relief under 47 U.S.C. § 553, which governs the unauthorized interception of cable communications. In its motion for default judgment, however, plaintiff requests recovery under 47 U.S.C. § 605 only.

1     Section 605(a) of the Communications Act prohibits the unauthorized receipt and use
2  of radio communications, including satellite television signals, for one's own benefit or the
3  benefit of another. DirecTV, Inc. v. Webb, 545 F.3d 837, 844 (9th Cir. 2008). Under § 605,
4  a plaintiff can recover either actual or statutory damages.  47 U.S.C. § 605(e)(3)(C).
5  Statutory damages are available "in a sum of not less than $1,000 or more than $10,000" for
6  each violation "as the court considers just."  47 U.S.C. § 605(e)(3)(C)(i)(II).  To determine
7  an appropriate reward, the court balances the need to deter future illegal conduct against the
8  harm that will result to the defendant's business if significant damages are assessed.
9  Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999).

10    If a court "finds that the violation was committed willfully and for purposes of direct
11 or indirect commercial advantage or private financial gain," it may exercise discretion and
12 increase the damages award by up to $100,000 per violation.  47 U.S.C. § 605(e)(3)(C)(ii).
13 "Courts use a variety of factors in determining whether a defendant's conduct is subject to
14 enhanced damages for willfulness under § 605, including prior infringements, substantial
15 unlawful monetary gains, significant actual damages to the plaintiff, the defendant's
16 advertising of the broadcast, and the defendant's charging a cover charge or premiums for
17 food and drinks during the broadcast." Kingvision Pay-Per-View, Ltd. v. Guzman, 2008 WL
18 1924988, at *3 (D. Ariz. April 30, 2008).

19    The Bistro is a relatively large commercial establishment with a maximum capacity
20 of 404 people. According to plaintiff's investigator, the Program was broadcast on one
21 television to no more than 45 people.[2]  Patrons were not charged a cover fee.  The
22 investigator observed 29 televisions in the establishment, but only one television was
23 showing the Program. Affidavit at 2.

24    By defaulting, defendant admits that it intercepted and exhibited the Program to its
25 patrons without obtaining a license from plaintiff in violation of 47 U.S.C. § 605, and did so

26

27     [2]Plaintiff incorrectly asserts in its motion that the Program was broadcast on 29
   televisions to 404 people. Motion at 9.  Plaintiff's investigator averred, however, that the
28 Program was only broadcast on one television to no more than 45 patrons. Affidavit at 2.

1 "willfully and for purposes of direct and/or indirect commercial advantage and/or private
2 financial gain." Compl., ¶ 20 (doc. 1). We conclude that statutory damages under §
3 605(e)(3)(C)(i)(II) in the amount of $3,000 is appropriate. Plaintiff's request for enhanced
4 damages of $100,000, however, is "manifestly excessive." See Joe Hand Promotions, Inc.
5 v. Streshly, 655 F. Supp. 2d 1136, 1139 (S. D. Cal 2009) (stating that the court will "not
6 indulge Plaintiff's attempt to obtain the biggest judgment it can by filing cookie-cutter
7 pleadings").

8 There is no evidence that defendants advertised the Program to draw additional
9 crowds, and no evidence that defendants charged either a cover fee or a premium for food
10 or drinks. The Program was broadcast to no more than 45 patrons. Nevertheless, plaintiff
11 has submitted evidence demonstrating that defendants are repeat offenders. Five other
12 default judgments have been entered against the Bistro for violations of 47 U.S.C. § 605.
13 See, e.g., Innovative Sports Mgmt., Inc. v. Antar, CV-12-1884-PHX-PGR (D. Ariz. Mar. 12,
14 2013). Because there is evidence of repeat violations, we conclude that an enhanced
15 damages award of $10,000 is reasonable.

16 Plaintiff also seeks $2,400 in damages for conversion. However, it presents no
17 argument or evidence to support this request. We decline to award any additional damages
18 on the conversion claim.

19 Finally, plaintiff's general request for attorney's fees is denied. Plaintiff must file a
20 motion for attorney's fees in accordance with LRCiv 54.2. Plaintiff's counsel should charge
21 only for hours actually expended on this case, taking into account the boilerplate pleadings
22 and motion-related forms used by this counsel in hundreds of other similar actions.

23 **IT IS ORDERED GRANTING** plaintiff's motion for default judgment (doc. 17).
24 The clerk shall enter judgment in favor of plaintiff and against defendants in the total amount
25 of $13,000.

26 DATED this 15th day of April, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge

- 3 -